**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**William E. WILLIAMS et al., Appellee.**

Court of Appeals of Kentucky.

March 11, 1966.

Rehearing Denied Nov. 18, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, C. E. Skidmore, Dept. of Highways, for appellant.

Adrian H. Terrell, Terrell, Schultzman & Hardy, Paducah, for appellee.

MOREMEN, Chief Justice.

This is the second appearance of this case on our docket. On the former appeal, Commonwealth Dept. of Highways v. Williams, Ky., 383 S.W.2d 687, the judgment was reversed on the ground that the evidence lacked sufficient probative value to support the verdict which awarded $11,920 for 9.52 acres of a 526 acre tract. On the second trial the quality of proof introduced by the landowner was greatly improved and, upon submission, the jury returned a verdict in the amount of $13,155. On this appeal the Commonwealth again contends that the evidence does not have sufficient probative value to sustain the verdict.

The land lies on the northerly side of Barkley Lake at a point not far from the place where the old channel of Cumberland River swept close to Kentucky Lake and near the connecting canal between Kentucky Lake and Barkley Lake. It lies immediately north of a vast tract known as "Land Between The Lakes," which will be developed by governmental authorities as a recreational area. About six miles west are Kentucky Dam and Kentucky Dam Village State Park.

At the trial the witnesses did not attempt, as they did on the former trial, to divide the 526 acre tract into two tracts and assign separate values on an acreage basis. On this trial the witnesses valued the property as a unit and here is the tabulation of the values set by witnesses for the landowner:

| | Before Value | After Value | Difference |
|---|---|---|---|
| Williams | $263,000 | $248,000 | $15,000 |
| Riley | 263,000 | 245,000 | 18,000 |
| Robertson | 263,000 | 247,240 | 15,760 |

Only one witness was introduced for the Commonwealth and he gave the following values:

| | | |
|---|---|---|
| $ 40,500 | $ 37,650 | $ 2,850 |

The witnesses for the landowner were thoroughly familiar with the property and the problems created because of the cut and fill construction of the road which traversed the property; the land was rolling and because of the construction about 200 feet on each side of the road were unusable. The witnesses testified as to comparable sales in the community where land had been sold for $500; $572; $420; $4,666; and $2,222 per acre.

The witness for the Commonwealth also testified as to the comparative sale price of two other tracts of lesser value per acre, but the evidentiary effect of this testimony was somewhat weakened by evidence introduced by the landowner to the effect that the sales were not voluntary.

In the circumstances brought out by the evidence on this trial, it is readily apparent why the jury placed a higher figure upon the value of the land than that placed by the witness for the Commonwealth.

Judgment affirmed.

Judges Montgomery and Hill dissenting.